IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA S. MEEKS (BAXLEY),** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DALE COUNTY BOARD OF** )<br>**EDUCATION,** )<br>)<br>**Defendant.** ) | CIVIL ACTION NO.: 1:07 CV 1088-CSC |

**DEFENDANT DALE COUNTY BOARD OF EDUCATION'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

**ANSWER**

COMES NOW the Dale County Board of Education (the "Board"), and responds to Plaintiff's Complaint filed in the above-styled matter:

I.   <u>JURISDICTION</u>

1.   The Board admits that the court has jurisdiction of this matter. Any further averments are denied. Specifically, Plaintiff appears to assert claims of sexual harassment and retaliation against the Board pursuant to 42 U.S.C. § 1981. (*See* Complaint at § I, ¶ 1). However, those purported claims are due to be dismissed with prejudice for the reasons set forth in the Board's Partial Motion to Dismiss, which is filed contemporaneously herewith and incorporated herein by reference.

II.     PARTIES

     2. Admitted.

     3. Admitted.

     4. The allegation contained in Paragraph 4 of the Complaint appears to be incomplete, and, therefore, the Board denies the same and demands strict proof thereof.

III.     STATEMENT OF PLAINTIFF'S CLAIMS

     All previous averments and responses are incorporated herein by reference.

     5. This paragraph requires no response. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

     6. The Board admits that Plaintiff's employment began in approximately January of 2005. The Board denies all remaining allegations in paragraph 6 and demands strict proof thereof.

     7. The Board denies the allegations in paragraph 7 and demands strict proof thereof.

     8. The Board denies the allegations in paragraph 8 and demands strict proof thereof.

     9. The Board admits that Plaintiff's job as bookkeeper for Dale County High School was terminated due to $3,455.00 in missing public funds, which Plaintiff could neither account for nor explain despite repeated opportunities to do so. Pursuant to Alabama Code § 36-26-101, the recommendation and approval for Plaintiff's termination were made in writing and no details were made public until the auditor's report was published so as not to adversely affect Plaintiff's reputation. Any allegations to the contrary are hereby denied and strict proof is demanded thereof.

10. The Board admits that Plaintiff was suspended with pay on January 17, 2007. The Board is without sufficient information to respond to the remaining allegations contained in paragraph 10, and, therefore, the same are hereby denied and strict proof is demanded thereof.

11. To the extent that Plaintiff indirectly admits that she stole the missing public funds, as opposed to making an accounting error, the Board would agree. Otherwise, the Board denies the allegations contained in paragraph 11 and demands strict proof thereof.

12. The Board denies the allegations contained in paragraph 12 and demands strict proof thereof.

13. The Board admits that Plaintiff filed for and received unemployment benefits, but the Board asserts that all remaining allegations in paragraph 13 of Plaintiff's Complaint are of no legal or judicial effect, and, therefore, the same are denied and strict proof is demanded thereof.

14. The Board denies the allegations contained in paragraph 14 and demands strict proof thereof.

15. The Board denies the allegations contained in paragraph 15 and demands strict proof thereof.

16. The Board denies the allegations contained in paragraph 16 and demands strict proof thereof.

IV.   RETALIATION

17. All previous averments and responses are incorporated herein by reference.

18. The Board denies the allegations contained in paragraph 18 and demands strict proof thereof.

With regard to the allegations that follow paragraph 18 of Plaintiff's Complaint, including the prayer for relief paragraphs, the Board denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and the Board denies the allegations therein and demands strict proof thereof. Specifically, Plaintiff's claim(s) for punitive damages are due to be dismissed with prejudice for the reasons set forth in the Board's Partial Motion to Dismiss, which is filed contemporaneously herewith and incorporated herein by reference.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Board is not guilty of the matters and things alleged in the Complaint.

### SECOND DEFENSE

All of Plaintiff's allegations that have not been specifically admitted by the Board are hereby denied, and strict proof is demanded thereof.

### THIRD DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of the Plaintiff herself, or other persons, parties, and/or entities other than the Board, and Plaintiff cannot establish any basis upon which to impose liability on the Board.

### FOURTH DEFENSE

The Board denies that Plaintiff was injured or harmed in any way by any alleged unlawful act or omission by the Board.

## FIFTH DEFENSE

The Board had no knowledge of any alleged sexual harassment claim by the Plaintiff during any time relevant to this lawsuit.

## SIXTH DEFENSE

The Board expressly prohibits and in no way condones any form of sexual harassment, contrary to Plaintiff's baseless allegations.

## SEVENTH DEFENSE

Plaintiff was not subjected to any sexual harassment nor hostile work environment.

## EIGHTH DEFENSE

All actions taken by the Board with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons.

## NINTH DEFENSE

Plaintiff is guilty of unclean hands.

## TENTH DEFENSE

Plaintiff's claims are barred by her own conduct.

## ELEVENTH DEFENSE

The Board has exercised reasonable care to avoid any instance of sexual harassment and hostile work environment.

## TWELFTH DEFENSE

The Board is not liable because it has acted in good faith and conformity with applicable policies, rules, regulations, statutory and case law interpretations, and law.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**FOURTEENTH DEFENSE**

Plaintiff has not established and cannot establish that the alleged sexual harassment objectively altered the terms and conditions of her employment.

**FIFTEENTH DEFENSE**

The Board expressly pleads sovereign immunity, absolute immunity, discretionary function immunity, state agent immunity, qualified immunity, and all other forms of immunity to which it may be entitled to by the Constitution, and/or federal law, and/or state law.

**SIXTEENTH DEFENSE**

Plaintiff has not and cannot establish a *prima facie* case on any of her claims asserted in this lawsuit.

**SEVENTEENTH DEFENSE**

Assuming *arguendo* that Plaintiff could establish a *prima facia* case on any of her claims, the Board would still prevail as a matter of law because all challenged actions taken by the Board with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons. Furthermore, Plaintiff has failed to show and cannot show that the Board's reasons are pre-textual in any way. The Board's good faith, reasonable conduct in conformity with all applicable laws toward Plaintiff completely absolve the Board from any liability in this action.

**EIGHTEENTH DEFENSE**

Plaintiff failed to exhaust her administrative remedies.

## NINETEENTH DEFENSE

Plaintiff failed to mitigate her alleged injuries and/or damages. Plaintiff failed to seek out or take advantage of opportunities reasonably available to minimize and/or negate her claimed damages.

## TWENTIETH DEFENSE

To the extent that Plaintiff suffered any injuries and/or damages, such injuries and/or damages were caused by and are the responsibilities of persons, parties, and/or entities other than the Board, and Plaintiff cannot establish any basis upon which to impose liability on the Board.

## TWENTY-FIRST DEFENSE

A complete and unbiased investigation into Plaintiff's informal claims was promptly conducted according to Board policy which demonstrated that Plaintiff's claims were baseless. Plaintiff unreasonably resisted and failed to cooperate with said investigation, thereby barring her claims. Moreover, Plaintiff unreasonably failed to appeal the investigative findings to the Board, thereby barring her claims against the Board.

## TWENTY-SECOND DEFENSE

Plaintiff's informal allegation of sexual harassment provided to the Board's Superintendent on the day that Plaintiff was already scheduled to be terminated was unreasonable as a matter of law, and, therefore, falls outside of the bounds of protection afforded by applicable law.

## TWENTY-THIRD DEFENSE

The Board has taken reasonable steps to prevent any alleged sexual harassment and hostile work environment. Plaintiff unreasonably failed to take full advantage of the Board's anti-harassment policies, thereby barring her claims.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of mootness, waiver, laches, estoppel, ratification, accord and satisfaction, consent and/or acquiescence.

### TWENTY-FIFTH DEFENSE

Plaintiff misrepresents the true facts of this case in her Complaint.

### TWENTY-SIXTH DEFENSE

The Board pleads the general issue.

### TWENTY-SEVENTH DEFENSE

If Plaintiff proves that any decision complained of was motivated in whole or in part by unlawful intent, the Board will show that the same action would have been taken regardless of said alleged intent.

### TWENTY-EIGHTH DEFENSE

The Board asserts that all employment decisions complained of in Plaintiff's Complaint were based upon legitimate business reasons wholly unrelated to Plaintiff's alleged sexual harassment charges.

### TWENTY-NINTH DEFENSE

Plaintiff unreasonably failed to take full advantage of the remedial, administrative, and appellate measures which were available to her.

### THIRTIETH DEFENSE

The Board pleads the business judgment rule.

### THIRTY-FIRST DEFENSE

Plaintiff's claim that she was the victim of alleged sexual harassment hostile work environment is not objectively reasonable.

## THIRTY-SECOND DEFENSE

Balancing the hardships would result in any equitable decree being in favor of the Board and against the Plaintiff.

## THIRTY-THIRD DEFENSE

Plaintiff cannot and has not satisfied the minimum requirements for injunctive relief.

## THIRTY-FOURTH DEFENSE

Plaintiff cannot demonstrate and has not demonstrated a substantial likelihood of success on the merits of her claims.

## THIRTY-FIFTH DEFENSE

Plaintiff has not suffered any irreparable injury.

## THIRTY-SIXTH DEFENSE

As demonstrated by Plaintiff's Complaint, Plaintiff admittedly has adequate remedies at law.

## THIRTY-SEVENTH DEFENSE

Public policy dictates that the Board prevail on Plaintiff's claims.

## THIRTY-EIGHTH DEFENSE

The Board terminated Plaintiff's employment based solely upon legitimate and non-retaliatory reasons.

## THIRTY-NINTH DEFENSE

Plaintiff cannot establish any policy or custom sufficient to impose liability upon the Board.

## FORTIETH DEFENSE

Plaintiff is unable to hold the Board directly liable for alleged harassment by its employee because there is insufficient evidence that the Board knew, or upon reasonably diligence inquiry,

should have known of the alleged harassment and failed to take immediate and appropriate corrective action.

## FORTY-FIRST DEFENSE

Plaintiff unreasonably failed to follow the Board's anti-harassment policy and complaint procedure; therefore, Plaintiff's claims are barred as a matter of law.

## FORTY-SECOND DEFENSE

Plaintiff has not and cannot show that the alleged harassment was pervasive enough to charge the Board with actual or constructive knowledge; therefore, Plaintiff's claims fail as a matter of law.

## FORTY-THIRD DEFENSE

Plaintiff has not and cannot establish that any Board official was deliberately indifferent to her alleged sexual harassment.

## FORTY-FOURTH DEFENSE

The Board exercised reasonable care and prudence to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Board or to otherwise notify the Board or to otherwise avoid harm. The Board promulgated a stated anti-harassment policy suitable to the Plaintiff's circumstance, which Plaintiff failed to use during any time relevant to this case.

## FORTY-FIFTH DEFENSE

Plaintiff's commission of theft and/or misappropriation of public funds, and/or Plaintiff's incompetent job performance, and/or Plaintiff's refusal to cooperate with the Board's auditors, administrators, and/or employees, and/or Plaintiff's other unreasonable conduct, completely bar Plaintiff from recovering anything by this suit.

### FORTY-SIXTH DEFENSE

The Board is not liable for any of the alleged wrongdoing because said alleged acts were outside of the scope of employment and/or Board policy of any and all wrong-doer(s).

### FORTY-SEVENTH DEFENSE

The Board is not liable for the action of the alleged wrong-doer(s) because Plaintiff cannot support any theory of vicarious liability, as outlined and/or suggested by applicable law.

### FORTY-EIGHTH DEFENSE

The Board did not directly or proximately cause any of Plaintiff's alleged damages or harm.

### FORTY-NINTH DEFENSE

Plaintiff fails to state a claim for hostile work environment because she was not subject to conduct to which was so severe and pervasive as to alter the conditions of her employment and create an abusive work environment.

### FIFTIETH DEFENSE

The Board pleads all applicable damage caps.

### FIFTY-FIRST DEFENSE

Punitive Damage Defenses. Plaintiff's claim(s) for punitive damages are due to be dismissed with prejudice for the reasons set forth in the Board's Partial Motion to Dismiss, which is filed contemporaneously herewith and incorporated herein by reference. Furthermore, an award of punitive damages in this case would be in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in that:

    (a)    The judiciary's ability to correct the punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) Any award of punitive damages based upon the wealth of the Board violates due process guarantees;

(d) The jury's power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

(f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution in that the amount of punitive damages is based upon the wealth of the defendant;

(g) The Board contends that any award of punitive damages in this case would be unconstitutional and that the statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied. An award of punitive damages in this case would violate the due process clause of the United States Constitution;

(h) The Board's conduct was not motivated by evil motive, malice, or intent, nor did it involve recklessness or callus indifference to Plaintiff's rights; therefore, punitive damages are not available against the Board;

(i) Punitive damages are disfavored by the law.

### FIFTY-SECOND DEFENSE

To the extent that Plaintiff seeks recovery for alleged acts or omissions occurring more than 180 days prior to the filing of a charge with the EEOC, Plaintiff's claims are time-barred.

### FIFTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent that they were not subject of timely charges filed with the EEOC, or the subject of a lawsuit filed within ninety (90) days of the receipt of a right-to-sue letter.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims are barred because she failed to notify the Board or in any way make known her claims of sexual harassment until her employment was being terminated for completely unrelated, legitimate reasons.

## FIFTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent they pertain to any conduct which was not mentioned in the charges of harassment received by the Board's Superintendent on January 23, 2007, which were not subject of the investigation lawfully and objectively performed by the Board.

## FIFTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent that they pertain to any conduct which was not mentioned in the charges of harassment filed by Plaintiff with EEOC, or which were not the subject of investigation or conciliation by the EEOC.

## FIFTY-SEVENTH DEFENSE

Plaintiff's alleged damages are not the direct or proximate result of any act or omission by the Board, but are the direct and/or proximate result of her own actions and/or an intervening and/or superceding cause.

## FIFTY-EIGHTH DEFENSE

Plaintiff's informal claims of sexual harassment were not made in good faith, nor were they objectively reasonable.

## FIFTY-NINTH DEFENSE

Plaintiff's informal claims of sexual harassment did not constitute a statutorily protected activity.

**SIXTIETH DEFENSE**

Plaintiff cannot establish the requisite causal connection between her informal complaint alleging sexual harassment and the Board's decision to terminate her employment.

**SIXTY-FIRST DEFENSE**

Plaintiff's employment would have been terminated regardless of whether or not she asserted her informal sexual harassment allegations.

**SIXTY-SECOND DEFENSE**

Plaintiff suffered no damages as a proximate or legal result of any unlawful conduct or omission of the Board.

**SIXTY-THIRD DEFENSE**

Plaintiff's informal charges of sexual harassment was not a substantial, motivating cause that made any difference in the Board's decision to terminate Plaintiff's employment.

**SIXTY-FOURTH DEFENSE**

The Board's actions and decisions that occurred before being notified of Plaintiff's allegations of sexual harassment, as a matter of law and logic, cannot be retaliatory.

**SIXTY-FIFTH DEFENSE**

Plaintiff seeks to have the Court act as a super-personnel department, and to second guess legitimate, reasonable employment decisions.

**SIXTY-SIXTH DEFENSE**

Given the same information before the Board when Plaintiff's employment was terminated, any reasonable employer would have done the same thing.

### SIXTY-SEVENTH DEFENSE

Plaintiff cannot show that the Board violated any official policy or custom.

### SIXTY-EIGHTH DEFENSE

Assuming *arguendo* that Plaintiff could establish her claim for sexual harassment hostile work environment, Plaintiff has not and cannot show that the Board is in any way responsible for it.

### SIXTY-NINTH DEFENSE

Plaintiff suffered no cognizable adverse employment action due to her alleged sexual harassment hostile work environment claim.

### SEVENTIETH DEFENSE

Plaintiff cannot established that the alleged harassment was physically threatening or humiliating.

### SEVENTY-FIRST DEFENSE

Plaintiff cannot establish that the alleged harassment unreasonably interfered with her job performance.

### SEVENTY-SECOND DEFENSE

Plaintiff cannot establish that she has been subjected to unwelcome sexual harassment.

### SEVENTY-THIRD DEFENSE

Plaintiff cannot establish a discriminatorily abusive working environment.

### SEVENTY-FOURTH DEFENSE

As the complaint in this matter is vague, the Board hereby reserves the right to amend its answers and defenses as this case develops.

        Respectfully submitted,


        /s/ Chad E. Stewart
        CHAD E. STEWART (ASB 5004-T-74C)
        **Counsel for Defendant Dale County Board of Education**

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)
ces@enterpriselawyers.com

## CERTIFICATE OF SERVICE

     I, Chad E. Stewart, hereby certify that on this the 8th day of January, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. I further certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and properly addressed as follows:

Jeffrey W. Bennitt, Esq.
Jeff Bennitt & Associates, LLC
121 Edenton St.
Birmingham, AL 35242


        /s/ Chad E. Stewart
        OF COUNSEL