**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MELISSA S. MEEKS (BAXLEY),** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO: CV-07-BE-1447-M** |
| **DALE COUNTY BOARD OF** | * | |
| **EDUCATION,** | * | |
| **Defendant** | * | |
| | * | |

---

**DEFENDANT DALE COUNTY BOARD OF EDUCATION'S**
**PARTIAL MOTION TO DISMISS**

---

Defendant Dale County Board of Education (the "Board"), hereby moves to partially dismiss with prejudice Plaintiffs' claims against it pursuant to Rules 12(b)(1) and 12(b)(6) Fed. R. Civ. P. Plaintiff's Complaint appears to assert claims of sexual harassment and retaliation against the Board pursuant to 42 U.S.C. § 1981.  (*See* Complaint at § I, ¶ 1).  Furthermore, Plaintiff's Complaint contains a claim(s) for punitive damages.  (*See* Complaint at § IV , ¶ 1).  Those purported claims are not viable as a matter of law.  In support thereof, the Board shows unto the Court as follows:

1.      First, "'[i]t is well established that sexual harassment is not actionable under Section 1981.'"  *Taylor v. CSX Transp.*, 418 F. Supp. 2d 1284, 1313-1314 (M.D. Ala. 2006) (quoting *Mowery v. Escambia County Utilities Auth., No.,* 3:04cv382, 2006 WL 327965 at *22 (N.D. Fla. 2006); *see also McCoy v. Johnson Controls World Servs., Inc.,* 878 F. Supp. 229, 232-33 (S.D. Ga. 1995) (citing *Runyon v. McCrary,* 427 U.S. 160, 167 (1976)).  Therefore, Plaintiff's purported § 1981 sexual harassment claim is due to be dismissed with prejudice.

2.    Second, Plaintiff's § 1981 retaliation claim fails as a matter of law because § 1981 is only "concerned with *racial* discrimination in the making and enforcement of contracts," and no retaliation claim will lie unless the retaliation is leveled against the plaintiff "due to his [or her] race." *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 961 (11th Cir. 1997) (emphasis in original); *see also Tucker v. Talladega City Schools*, 171 Fed. Appx. 289, 295, 2006 WL 688967, *5 (11th Cir. 2006) (holding that "§ 1981, unlike Title VII, is directed *exclusively* toward racial discrimination and, as a result, the plaintiff's [§ 1981 retaliation] claim must allege discrimination due to race.") (emphasis added).   In this case, Plaintiff's Complaint contains no allegation of racial discrimination.   Accordingly, her purported § 1981 retaliation claim should be dismissed with prejudice.

3.    Third, in the event Plaintiff prevails at trial, no punitive damages would be available against the Board.  *See Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994) (recognizing that Title VII plaintiff cannot recover punitive damages from a Board of Education pursuant to 42 U.S.C. § 1981a(b)(1)).  Consequently, Plaintiff's claim(s) for punitive damages against the Board is due to dismissed with prejudice.

WHEREFORE, based on the foregoing, the Dale County Board of Education respectfully moves this Court to dismiss with prejudice the following claims:  (1) Plaintiff's § 1981 sexual harassment claim; (2) Plaintiff's § 1981 retaliation claim; and (3) Plaintiff's claim(s) for punitive damages.  The Board does not waive, but expressly reserves, its rights to seek dismissal of Plaintiff's entire complaint for other reasons as this litigation progresses.

Respectfully submitted,


_____/s/ Chad E. Stewart_____

CHAD E. STEWART (ASB 5004-T-74C)

**Counsel for Defendant Dale County Board of Education**


**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP

P.O. Box 310910

Enterprise, Alabama 36331-0910

(334) 347-2626

(334) 393-1396 (fax)

ces@enterpriselawyers.com


**CERTIFICATE OF SERVICE**

I, Chad E. Stewart, hereby certify that on this the 8th day of January, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. I further certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and properly addressed as follows:

Jeffrey W. Bennitt, Esq.

Jeff Bennitt & Associates, LLC

121 Edenton St.

Birmingham, AL 35242


/s/ Chad E. Stewart

OF COUNSEL


Page 3