**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MELISSA S. MEEKS (BAXLEY),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: 1:07 CV 1088-MHT** |
| | ) | |
| **DALE COUNTY BOARD OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## REPORT OF PARTIES' PLANNING MEETING

1.      Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(d), a telephone meeting was held on the 15th day of January 2008, and was attended by Jeffrey W. Bennitt on behalf of the Plaintiff and Chad Stewart on behalf of the Defendant.

2.      **Summary of Claims.**  Plaintiff assert claims of a hostile work environment sexual harassment, and retaliation against the Board.

3.      **Summary of Defenses of the Dale County Board of Education.**

1.      The Board is not guilty of the matters and things alleged in the Complaint.

2.      All of Plaintiff's allegations that have not been specifically admitted by the Board are hereby denied, and strict proof is demanded thereof.

3.      To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of the Plaintiff herself, or other persons, parties, and/or entities other than the Board, and Plaintiff cannot establish any basis upon which to impose liability on the Board.

4.    The Board denies that Plaintiff was injured or harmed in any way by any alleged unlawful act or omission by the Board.

5.    The Board had no knowledge of any alleged sexual harassment claim by the Plaintiff during any time relevant to this lawsuit.

6.    The Board expressly prohibits and in no way condones any form of sexual harassment, contrary to Plaintiff's baseless allegations.

7.    Plaintiff was not subjected to any sexual harassment nor hostile work environment.

8.    All actions taken by the Board with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons.

9.    Plaintiff is guilty of unclean hands.

10.    Plaintiff's claims are barred by her own conduct.

11.    The Board has exercised reasonable care to avoid any instance of sexual harassment and hostile work environment.  The Board expressly and affirmatively pleads the *Ellerth - Faragher* affirmative defense.

12.    The Board is not liable because it has acted in good faith and conformity with applicable policies, rules, regulations, statutory and case law interpretations, and law.

13.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

14.    Plaintiff has not established and cannot establish that the alleged sexual harassment objectively altered the terms and conditions of her employment.

15.    The Board expressly pleads sovereign immunity, absolute immunity, discretionary function immunity, state agent immunity, qualified immunity, and all other forms of immunity to which it may be entitled to by the Constitution, and/or federal law, and/or state law.

16.     Plaintiff has not and cannot establish a *prima facie* case on any of her claims asserted in this lawsuit.

17.     Assuming *arguendo* that Plaintiff could establish a *prima facia* case on any of her claims, the Board would still prevail as a matter of law because all challenged actions taken by the Board with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons.  Furthermore, Plaintiff has failed to show and cannot show that the Board's reasons are pre-textual in any way.  The Board's good faith, reasonable conduct in conformity with all applicable laws toward Plaintiff completely absolve the Board from any liability in this action.

18.     Plaintiff failed to exhaust her administrative remedies.

19.     Plaintiff failed to mitigate her alleged injuries and/or damages.  Plaintiff failed to seek out or take advantage of opportunities reasonably available to minimize and/or negate her claimed damages.  The Board expressly and affirmatively pleads the *Ellerth - Faragher* affirmative defense.

20.     To the extent that Plaintiff suffered any injuries and/or damages, such injuries and/or damages were caused by and are the responsibilities of persons, parties, and/or entities other than the Board, and Plaintiff cannot establish any basis upon which to impose liability on the Board.

21.     A complete and unbiased investigation into Plaintiff's informal claims was promptly conducted according to Board policy which demonstrated that Plaintiff's claims were baseless.  Plaintiff unreasonably resisted and failed to cooperate with said investigation, thereby barring her claims.  Moreover, Plaintiff unreasonably failed to appeal the investigative findings to the Board, thereby barring her claims against the Board.

22.     Plaintiff's informal allegation of sexual harassment provided to the Board's Superintendent on the day that Plaintiff was already scheduled to be terminated was unreasonable

as a matter of law, and, therefore, falls outside of the bounds of protection afforded by applicable law.

23.     The Board has taken reasonable steps to prevent any alleged sexual harassment and hostile work environment. Plaintiff unreasonably failed to take full advantage of the Board's written, comprehensive anti-harassment policies which were properly disseminated, thereby barring her claims.

24.     Plaintiff's claims are barred by the doctrines of mootness, waiver, laches, estoppel, ratification, accord and satisfaction, consent and/or acquiescence.

25.     Plaintiff misrepresents the true facts of this case in her Complaint.

26.     The Board pleads the general issue.

27.     If Plaintiff proves that any decision complained of was motivated in whole or in part by unlawful intent, the Board will show that the same action would have been taken regardless of said alleged intent.

28.     The Board asserts that all employment decisions complained of in Plaintiff's Complaint were based upon legitimate business reasons wholly unrelated to Plaintiff's alleged sexual harassment charges.

29.     Plaintiff unreasonably failed to take full advantage of the remedial, administrative, and appellate measures which were available to her.

30.     The Board pleads the business judgment rule.

31.     Plaintiff's claim that she was the victim of alleged sexual harassment hostile work environment is not objectively reasonable.

32.     Balancing the hardships would result in any equitable decree being in favor of the Board and against the Plaintiff.

33.    Plaintiff cannot and has not satisfied the minimum requirements for injunctive relief.

34.    Plaintiff cannot demonstrate and has not demonstrated a substantial likelihood of success on the merits of her claims.

35.    Plaintiff has not suffered any irreparable injury.

36.    As demonstrated by Plaintiff's Complaint, Plaintiff admittedly has adequate remedies at law.

37.    Public policy dictates that the Board prevail on Plaintiff's claims.

38.    The Board terminated Plaintiff's employment based solely upon legitimate and non-retaliatory reasons.

39.    Plaintiff cannot establish any policy or custom sufficient to impose liability upon the Board.

40.    Plaintiff is unable to hold the Board directly liable for alleged harassment by its employee because there is insufficient evidence that the Board knew, or upon reasonably diligence inquiry, should have known of the alleged harassment and failed to take immediate and appropriate corrective action.

41.    Plaintiff unreasonably failed to follow the Board's written and disseminated anti-harassment policy and complaint procedure; therefore, Plaintiff's claims are barred as a matter of law.

42.    Plaintiff has not and cannot show that the alleged harassment was pervasive enough to charge the Board with actual or constructive knowledge; therefore, Plaintiff's claims fail as a matter of law.

43. Plaintiff has not and cannot establish that any Board official knew of or was deliberately indifferent to her alleged sexual harassment during any time relevant to this lawsuit.

44. The Board exercised reasonable care and prudence to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Board or to otherwise notify the Board or to otherwise avoid harm. The Board promulgated a written and disseminated anti-harassment policy suitable to the Plaintiff's circumstance, which Plaintiff unreasonably failed to take advantage of during any time relevant to this case. The Board expressly and affirmatively pleads the *Ellerth - Faragher* affirmative defense.

45. Plaintiff's commission of theft and/or misappropriation of public funds, and/or Plaintiff's incompetent job performance, and/or Plaintiff's refusal to cooperate with the Board's auditors, administrators, and/or employees, and/or Plaintiff's other unreasonable conduct, completely bar Plaintiff from recovering anything by this suit.

46. The Board is not liable for any of the alleged wrongdoing because said alleged acts were outside of the scope of employment and/or Board policy of any and all wrong-doer(s).

47. The Board is not liable for the action of the alleged wrong-doer(s) because Plaintiff cannot support any theory of vicarious liability, as outlined and/or suggested by applicable law.

48. The Board did not directly or proximately or vicariously cause any of Plaintiff's alleged damages or harm.

49. Plaintiff fails to state a claim for hostile work environment because she was not subject to conduct to which was so severe and pervasive as to alter the conditions of her employment and create an abusive work environment.

50.     The Board pleads all applicable damage caps.

51.     Plaintiff's Amended Complaint correctly deletes her previous claim for punitive damages, which are not recoverable against the Board.  Any such claim is therefore barred; and, to the extent any such claim is raised again, it should be dismissed with prejudice for the following additionally reasons: Punitive damages are not available against the Board.  *See Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994) (recognizing that Title VII plaintiff cannot recover punitive damages from a Board of Education pursuant to 42 U.S.C. § 1981a(b)(1)).  Furthermore, an award of punitive damages in this case would be in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in that:

(a)     The judiciary's ability to correct the punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

(b)     Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c)     Any award of punitive damages based upon the wealth of the Board violates due process guarantees;

(d)     The jury's power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e)     Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

(f)     The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution in that the amount of punitive damages is based upon the wealth of the defendant;

(g)     The Board contends that any award of punitive damages in this case would be unconstitutional and that the statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied. An award of punitive damages in this case would violate the due process clause of the United States Constitution;

(h)    The Board's conduct was not motivated by evil motive, malice, or intent, nor did it involve recklessness or callus indifference to Plaintiff's rights; therefore, punitive damages are not available against the Board;

(i)    Punitive damages are disfavored by the law.

52.    To the extent that Plaintiff seeks recovery for alleged acts or omissions occurring more than 180 days prior to the filing of a charge with the EEOC, Plaintiff's claims are time-barred.

53.    Plaintiff's claims are barred to the extent that they were not subject of timely charges filed with the EEOC, or the subject of a lawsuit filed within ninety (90) days of the receipt of a right-to-sue letter.

54.    Plaintiff's claims are barred because she failed to notify the Board or in any way make known her claims of sexual harassment until her employment was being terminated for completely unrelated, legitimate reasons.

55.    Plaintiff's claims are barred to the extent they pertain to any conduct which was not mentioned in the charges of harassment received by the Board's Superintendent on January 23, 2007, which were not subject of the investigation lawfully and objectively performed by the Board.

56.    Plaintiff's claims are barred to the extent that they pertain to any conduct which was not mentioned in the charges of harassment filed by Plaintiff with EEOC, or which were not the subject of investigation or conciliation by the EEOC.

57.    Plaintiff's alleged damages are not the direct or proximate result of any act or omission by the Board, but are the direct and/or proximate result of her own actions and/or an intervening and/or superceding cause.

58.    Plaintiff's informal claims of sexual harassment were not made in good faith, nor were they objectively reasonable.

59.    Plaintiff's informal claims of sexual harassment did not constitute a statutorily protected activity.

60.    Plaintiff cannot establish the requisite causal connection between her informal complaint alleging sexual harassment and the Board's decision to terminate her employment.

61.    Plaintiff's employment would have been terminated regardless of whether or not she asserted her informal sexual harassment allegations.

62.    Plaintiff suffered no damages as a proximate or legal result of any unlawful conduct or omission of the Board.  The Board is neither directly nor vicariously liable on Plaintiff's claims.

63.    Plaintiff's informal charges of sexual harassment was not a substantial, motivating cause in the Board's decision to terminate Plaintiff's employment.

64.    The Board's actions and decisions that occurred before being notified of Plaintiff's allegations of sexual harassment, as a matter of law and logic, cannot be retaliatory.

65.    Plaintiff seeks to have the Court act as a super-personnel department, and to second guess legitimate, reasonable employment decisions.

66.    Given the same information before the Board when Plaintiff's employment was terminated, any reasonable employer would have done the same thing.

67.    Plaintiff cannot show that the Board violated any official policy or custom.

68.    Assuming *arguendo* that Plaintiff could establish her claim for sexual harassment hostile work environment, Plaintiff has not and cannot show that the Board is in any way responsible for it.

69.    Plaintiff suffered no cognizable adverse employment action due to her alleged sexual harassment hostile work environment claim.

70.    Plaintiff cannot establish that the alleged harassment was physically threatening or humiliating.

71.    Plaintiff cannot establish that the alleged harassment unreasonably interfered with her job performance.

72.    Plaintiff cannot establish that she has been subjected to unwelcome sexual harassment.

73.    Plaintiff cannot establish a discriminatorily abusive working environment.

74.    As the complaint in this matter is vague, the Board hereby reserves the right to amend its answers and defenses as this case develops.

**4.**    **Pre-Discovery Disclosure.**    The parties will exchange their Initial Disclosures in accordance with Fed. R. Civ. P. 26, by February 15, 2008.

**5.**    **Discovery Plan**.  The parties jointly propose to the court the following discovery plan:

a..    Discovery will be needed on the following subjects:
Plaintiff's claims and defendant's defenses.

b.    All discovery commenced in time to be completed by July 30, 2008.

c.    In accordance with Fed. R. Civ. P. 26(f) Advisory Committee's Note, the Parties propose that disclosure and/or discovery of electronically stored information should be handled as follows:

The Parties agree and stipulate that the  Responding Party will provide requested electronically stored materials for initial examination without waiving any privilege or protection.  The Requesting Parting with then designate the documents it wishes to have actually produced through a Rule 34 request.  The Responding Party shall then respond in the usually course,

screening only those documents actually requested for formal production and asserting privilege claims as provided in Rule 26(b)(5)(A).

d.      Maximum of 50 interrogatories, including subparts, by each party to any other party.  Responses due 30 days after service.

e.      Maximum of 50 requests for production by each party to any other party. Responses due 30 days after service.

f.      Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after services.

g.      Maximum of 30 depositions by Plaintiffs and 30 by Defendants.

h.      Each deposition limited to a maximum of eight (8) hours unless extended by agreement of parties.

i.      Reports from retained experts under Rule 26(a)(2) due: from Plaintiff and Defendant by May 1, 2008.

j.      Responsive/Supplemental reports from retained experts under Rule 26(a)(2) due:   June 15, 2008,

From Plaintiff and Defendant by June 25, 2008.

k.      Supplementations under Rule 26(e) due 45 days prior to the discovery deadline, or by June 15, 2008.

7.      **Other Items:**

a.      The parties do not request a conference with the court before entry of the scheduling order.

b.      The parties request a pretrial conference on or about October 3, 2008.

c.      Plaintiffs should be allowed until February 29, 2008, to join additional parties and amend the pleadings.

d.      Defendant should be allowed until February 29, 2008 to join additional parties and amend the pleadings.

e.      All potentially dispositive motions should be filed by June 30, 2008.

f.      The Parties discussed the feasibility of settlement and agreed that settlement is not feasible at this point.

g.  The parties do not consent to exercise of magistrate Judge jurisdiction under 28 U.S.C. §636(c).

h.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

From Plaintiff by 20 days before trial;

From Defendants by 20 days before trial;

i.  Parties should have 15 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

j.  The case should be ready for trial November 3, 2008, and at this time is expected to take approximately 5 days.


Respectfully submitted this 25 day of January, 2008.




/s/ Chad E. Stewart
_____
Chad E. Stewart (STE148)
Attorney for Defendant
MARSH, COTTER & STEWART, LLP
P. O. Box 310910
Enterprise, Alabama 36331



/s/ Jeffrey W. Bennitt
_____
Jeffrey W. Bennitt, Esq.
Attorney for Plaintiff
Jeffrey W. Bennitt & Associates, LLC
121 Edenton Street
Birmingham, AL 35242




J:\2007\2007-0603.cs.meeks\initial disclosures\Report of Parties Planning Meeting.wpd