## NOTICE OF CORRECTION

From: Clerk's Office

Case Style:  Meeks v. Dale County Board of Education

Case Number:  1:07-cv-01088-MHT

Referenced Pleading:  Second Amended Complaint - Doc. 26

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA S. MEEKS (BAXLEY), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 1:07-CV-1088- |
| ) | MHT |
| ) | |
| DALE COUNTY BOARD OF EDUCATION, ) | |
| ET AL, ) | TRAIL BY JURY DEMANDED |
| ) | |
| Defendant. ) | |

SECOND AMENDED COMPLAINT

I. JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1331, 1343, 42 U.S.C. 1983, as amended, 28 U.S.C. 2201 and 2202, et seq., Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. Section 1983. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 2000(e) and Section 1983, providing relief against gender discrimination and harassment. This claim is brought under Section 1983 to secure the rights and privileges of all persons under the Fourteenth Amendment.

II. PARTIES

2. Plaintiff is a female.

3. Defendant is a School Board for the Dale County School System. Leavy Boutwell is an individual.

4. Plaintiff's immediate supervisor ws L. B.

III.  STATEMENT OF PLAINTIFF'S CLAIMS

    5.  HOSTILE WORK ENVIRONMENT AGAINST THE DALE COUNTY BOARD OF EDUCATION:

    6.  Plaintiff alleges the following facts:  That on, to wit: over the course of plaintiff's employment from approximately January of 2005, plaintiff has been forced to constantly endure sexual comments, inappropriate touching, and outright propositions for sex by Mr. L. B.

    7.  On January 17, 2007, plaintiff notified Mr. Phillip Parker, Superintendent of the Dale County Schools by letter and Linda Garrett, by letter of the sexual harassment.

    8.  On January 24, the board accepted the recommendation of Mr. Parker and others that plaintiff be terminated.

    9.  The reason given by the defendant for plaintiff's termination was that there was a discrepancy of approximately $3,400 in a school account.

    10.  A school audit identified the discrepancy and plaintiff was given until January 17, 2007, to answer the audit. Plaintiff checked the records and plaintiff could not find where an accounting error was made and told them so before January 17, 2007.  The department had no explanation except that there was an accounting error.  Plaintiff was suspended on January 17, 2007, with pay.

    11.  There was in fact, no accounting error, at all, and the school could see the books. The school knew there was no accounting error when they suspended her.

    12.  Therefore, the only reasons for there to have been missing $3,400 was theft. Plaintiff denied stealing the money.  Plaintiff was not the only one who had access to the funds and the receipt book in the school vault.  Plaintiff followed to the letter the protocol that she was

taught when she became the bookkeeper in collecting the yearbook money. Plaintiff did nothing wrong. The plaintiff was terminated anyway.

13. Plaintiff filed for unemployment and won. The employer could not prove during a telephonic hearing with the department that the plaintiff had committed a dishonest act.

14. Plaintiff claims that the terms and conditions of her employment were altered because she refused to submit to a supervisor's sexual demands resulting in a tangible employment action being taken against her.

15. Plaintiff further claims that the terms and conditions of her employment were altered because she reported the harassment, or the employer had actual or constructive notice of the harassment, and did not stop the harassment, but, instead, terminated her when she reported the harassment.

16. Plaintiff further claims that the Board had knowledge of the supervisor's prior bad acts of sexual harassment and they failed to do anything to stop the acts and therefore had an implied policy of condoning sexual harassment. Plaintiff further claims that the investigation of her complaint of sex harassment was done without her witnesses and therefore ws inadequate as a matter of law and further shows the Board's propensity to condone sexual harassment. Plaintiff further claims that her termination is another example of the Board's condoning sex harassment.

17. RETALIATION AGAINST THE DALE COUNTY BOARD OF EDUCATION

18. Plaintiff alleges each and every allegation as heretofore set forth.

19. Plaintiff alleges that she engaged in protected activity on January 17, 2007. She states that she suffered an adverse employment action, she was terminated one week later, and

3

that the person(s) who knew about her protected activity recommended her termination. Plaintiff alleges that she was retaliated for engaging in a protected activity. The defendants claim she was terminated for theft, however, plaintiff is simply one of several employees who had access to the money and those other employees were not terminated.

    20. BATTERY AGAINST LEAVY BOUTWELL, INDIVIDUALLY AND THE DALE COUNTY BOARD OF EDUCATION FOR RATIFICATION

    21. Plaintiff alleges each every fact into this claim for Battery.

    22. Plaintiff alleges that Leavy Boutwell slapped plaintiff on the buttocks and she was humiliated and embarrassed. This battery was done in front of two witnesses. When plaintiff reported the harassment to the Board, they heard the testimony of one of the eye witnesses that, indeed, Leavy Boutwell did slap plaintiff on the behind.

    23. Even with this knowledge, they failed to address it in their investigation into sex harassment, thus ratifying the conduct.

    24. 1983 CLAIM AGAINST LEAVY BOUTWELL, INDIVIDUALLY, FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

    25. Plaintiff claims that Leavy Boutwell's slapping her on her buttocks while he administered her job duties violated her right for equal protection under the law in the terms and conditions of her employment because Leavy Boutwell did not slap the buttocks of her male counterparts while he was administering their job duties. This incident was brought before the Board and the board heard the statement of the eye witness and refused to ask Leavy Boutwell if it was true and they voted to ignore the incident, thereby ratifying the conduct.

IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1. Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, compensatory damages; and punitive and compensatory damages against Leavy Boutwell, individually.

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate 42 U.S.C. 2000(e).

3. Plaintiff prays for such other and further, different or additional relief as justice may require, costs and attorney fees.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ Jeff Bennitt
_____
Jeffrey W. Bennitt ASB N51J
BENOO4

Jeff Bennitt & Associates, LLC
121 Edenton St.
Birmingham, Al 35242
(205) 408 7240
fax: (205) 408-9236   e-mail: Bennittlaw@aol.com

CERTIFICATE OF SERVICE

Comes now plaintiff and hereby certifies that the above has been efiled on this date February 8, 2008.

Chad E. Stewart P.O. Box 310910 Enterprise, Al 36331-0910

/Jeff Bennitt/
_____