IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE  DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELISSA S. MEEKS (BAXLEY), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 1:07-CV-1088-MHT |
| | ) | |
| DALE COUNTY BOARD OF | ) | |
| EDUCATION, | )TRAIL BY JURY DEMANDED | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant's position is that this count is due to be dismissed because there can be no respondeat superior or ratification by a municipality for a 1983 violation.

In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy" that is a constitutional violation or ratified an unconstitutional practice.

The key is ratification because in this case (hypothetically speaking), the plaintiff alleges that the Dale County Board of Education investigated a sex harassment claim and verified that the charged person (male supervisor) did indeed slap the plaintiff (female) on the buttocks without her permission;  yet, found that

this action did not amount to a violation of their anti-sex harassment policy. The plaintiff alleges that its anti-sex harassment policy forbade unwelcome sexual touching.

Cross v. Alabama, 49 F.3d 1490 (11th Cir. 1995): cause of action exists in public employment under Section 1983 for sex harassment and sex discrimination is clearly established.

Arnold v. Board of Escambia County, 880 F.2d 305 (11th Cir. 1989): to impose liability on the school board as a unit of local government, the plaintiff must allege that the challenged conduct executed an official policy or custom of the school board. "Official policy is easily found in cases such as Monell where the local government formally makes a decision which when executed gives rise to a constitutional violation."

School boards constitute branches of local government and thus may be subject to liability under Monell. Arnold v. Board of Escambia County, 880 F.2d 305 (11th Cir. 1989). Denno v. School Board, 218 F.3d 1267 (11th Cir. 2000).

In order for a government actor to violate a plaintiff's equal protection rights under the Fourteenth Amendment, the plaintiff must show that the defendant intended to discriminate, as in any other discrimination claim. In other words, the discrimination cannot be negligent. It has to be done "on purpose". But, it does not

have to be the "sole" reason behind the adverse employment action.  It simply has to be a motivating factor, or a causal link between the protected activity and the adverse employment action.  Mencer v. Hammonds, 134 F.3d 1066 (11th Cir. 1998).

Mandel v. Doe, 999 F.2d 783, 794 (11th Cir. 1989): We have previously noted that a lack of meaningful review of an officials's decisions can be evidence that the person was a final policy maker.

It is the plaintiff's legal contention that once verified as truthful (through an independent witness who said so),  but then finding such action did not violate the anti-sex harassment policy, which specifically says that sexual touching is impermissible, was  such a lack of meaningful review that the official's decision to slap the plainitff on the buttocks became the policy of the Board, ie, slapping females on the buttocks is okay.

Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985).  persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct, thereby establishing an unconstitutional custom that can subject the government ot liability.  Otherwise, a ratification theory is proved where both the decision and decision's basis are reviewed by the municipality.  Plaintiff  alleges that she complained of sex harassment, that an

investigation was conducted, that it was verified by an independent witness that

plaintiff was slapped on the buttocks by the accused (without her permission) and

that the board did not find a violation of its own policy that says that there shall be

no sexual touching.

The motion to dismiss is due to be overruled.


/s/ Jeff Bennitt

_____

Jeffrey W. Bennitt ASB N51J
BENOO4

Jeff Bennitt & Associates, LLC,
121 Edenton St.
Birmingham, Al   35242   e-mail: Bennittlaw@aol.com
408-7240–office
408-9236–fax
213-8228–cell


CERTIFICATE OF SERVICE


I hereby certify that  a copy of the to Chad E. Stewart by efiling on this date of the
efile.


/s/ Jeff Bennitt

_____