IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA S. MEEKS (BAXLEY), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 1:07 CV 1088-CSC |
| ) | |
| DALE COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LEAVY BOUTWELL'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW Mr. Leavy Boutwell ("Mr. Boutwell" or "Defendant"), and responds to Plaintiff's Complaint filed in the above-styled matter:

I.   **JURISDICTION**

1.   Mr. Boutwell denies that the court has jurisdiction over Plaintiff's purported state law claim against it, but admits that the court has jurisdiction over the remaining claim against him. Any further averments are denied.

II.   **PARTIES**

2. Admitted.

3. Admitted.

1

4. The allegation contained in Paragraph 4 of the Complaint appears to be incomplete, and, therefore, Mr. Boutwell denies the same and demands strict proof thereof.

III.   STATEMENT OF PLAINTIFF'S CLAIMS

All previous averments and responses are incorporated herein by reference.

5. This paragraph requires no response. To the extent a response is required, Mr. Boutwell denies the same and demands strict proof thereof.

6. Mr. Boutwell denies the allegations in paragraph 6 and demands strict proof thereof.

7. Mr. Boutwell is without sufficient knowledge or information to respond to the allegations in paragraph 7, and, therefore, denies the same and demands strict proof thereof.

8. Mr. Boutwell is without sufficient knowledge or information to respond to the allegations in paragraph 8, and, therefore, denies the same and demands strict proof thereof.

9. Mr. Boutwell is without sufficient knowledge or information to respond to the allegations in paragraph 9, and, therefore, denies the same and demands strict proof thereof.

10. Mr. Boutwell admits that Plaintiff was suspended with pay on January 17, 2007. Mr. Boutwell is without sufficient information to respond to the remaining allegations contained in paragraph 10, and, therefore, the same are hereby denied and strict proof is demanded thereof.

11. Mr. Boutwell is without sufficient knowledge or information to respond to the allegations in paragraph 11, and, therefore, denies the same and demands strict proof thereof.

12. Mr. Boutwell is without sufficient knowledge or information to respond to the allegations in paragraph 12, and, therefore, denies the same and demands strict proof thereof.

13. Mr. Boutwell is without sufficient knowledge or information to respond to the allegations in paragraph 13, and, therefore, denies the same and demands strict proof thereof.

14. Mr. Boutwell denies the allegations contained in paragraph 14 and demands strict proof thereof to the extent said allegations pertain to him.

15. Mr. Boutwell denies all allegations of harassment and demands strict proof thereof. Mr. Boutwell is without sufficient knowledge or information to respond to the remaining allegations in paragraph 15, and, therefore, denies the same and demands strict proof thereof.

16. Mr. Boutwell denies all allegations of harassment and demands strict proof thereof. Mr. Boutwell is without sufficient knowledge or information to respond to the remaining allegations in paragraph 16, and, therefore, denies the same and demands strict proof thereof.

IV. <u>RETALIATION</u>

17. This paragraph requires no response. To the extent a response is required, Mr. Boutwell denies the same and demands strict proof thereof.

18. All previous averments and responses are incorporated herein by reference.

19. Mr. Boutwell denies all allegations of harassment and demands strict proof thereof. Mr. Boutwell is without sufficient knowledge or information to respond to the remaining allegations in paragraph 19, and, therefore, denies the same and demands strict proof thereof.

V. <u>BATTERY</u>

20. This paragraph requires no response. To the extent a response is required, Mr. Boutwell denies the same and demands strict proof thereof.

21. All previous averments and responses are incorporated herein by reference.

22. Mr. Boutwell denies the allegations contained in paragraph 22 and demands strict proof thereof.

23. Mr. Boutwell denies all allegations of battery and harassment and demands strict proof thereof. Mr. Boutwell is without sufficient knowledge or information to respond to the remaining allegations in paragraph 23, and, therefore, denies the same and demands strict proof thereof.

VI.  § 1983 GENDER-BASED DISPARATE TREATMENT EQUAL PROTECTION CLAIM

24.-25. As detailed in Mr. Boutwell's Partial Motion to Dismiss Plaintiff's Third Amended Complaint filed simultaneously herewith, Plaintiff' purported § 1983 gender-based disparate treatment claim against Mr. Boutwell (Paragraphs 24-25) is due to be dismissed with prejudice.

With regard to the allegations that follow paragraph 25 of Plaintiff's Complaint, including the prayer for relief paragraphs, Mr. Boutwell denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and Mr. Boutwell denies the allegations therein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Mr. Boutwell is not guilty of the matters and things alleged in the Complaint.

### SECOND DEFENSE

All of Plaintiff's allegations that have not been specifically admitted by Mr. Boutwell are hereby denied, and strict proof is demanded thereof.

### THIRD DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of the Plaintiff herself, or other persons, parties, and/or entities other than Mr. Boutwell, and Plaintiff cannot establish any basis upon which to impose liability on Mr. Boutwell.

**FOURTH DEFENSE**

Mr. Boutwell denies that Plaintiff was injured or harmed in any way by any alleged unlawful act or omission by Mr. Boutwell.

**FIFTH DEFENSE**

Mr. Boutwell did not directly or proximately cause any injury to Plaintiff whatsoever.

**SIXTH DEFENSE**

Plaintiff has not and cannot establish the legal elements of any claim against Mr. Boutwell.

**SEVENTH DEFENSE**

All actions taken by Mr. Boutwell with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons.

**EIGHTH DEFENSE**

Plaintiff is guilty of unclean hands.

**NINTH DEFENSE**

Plaintiff's claims are barred by her own conduct.

**TENTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**ELEVENTH DEFENSE**

Mr. Boutwell expressly pleads sovereign immunity, absolute immunity, discretionary function immunity, state agent immunity, qualified immunity, and all other forms of immunity to which it may be entitled to by the Constitution, and/or federal law, and/or state law.

**TWELFTH DEFENSE**

Plaintiff has not and cannot establish a *prima facie* case on any of her claims asserted in this lawsuit.

**THIRTEENTH DEFENSE**

Assuming *arguendo* that Plaintiff could establish a *prima facia* case on any of her claims, Mr. Boutwell would still prevail as a matter of law because all challenged actions taken by Mr. Boutwell with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons. Furthermore, Plaintiff has failed to show and cannot show that Mr. Boutwell's reasons are pre-textual in any way. Mr. Boutwell's good faith, reasonable conduct in conformity with all applicable laws toward Plaintiff completely absolve Mr. Boutwell from any liability in this action.

**FOURTEENTH DEFENSE**

Plaintiff failed to exhaust her administrative remedies.

**FIFTEENTH DEFENSE**

Plaintiff failed to mitigate her alleged injuries and/or damages. Plaintiff failed to seek out or take advantage of opportunities reasonably available to minimize and/or negate her claimed damages.

**SIXTEENTH DEFENSE**

To the extent that Plaintiff suffered any injuries and/or damages, such injuries and/or damages were caused by and are the responsibilities of persons, parties, and/or entities other than Mr. Boutwell, and Plaintiff cannot establish any basis upon which to impose liability on Mr. Boutwell.

### SEVENTEENTH DEFENSE

A complete and unbiased investigation into Plaintiff's informal claims was promptly conducted according to Board policy which demonstrated that Plaintiff's claims were baseless and without merit. Plaintiff unreasonably resisted and failed to cooperate with said investigation, thereby barring her claims. Moreover, Plaintiff unreasonably failed to appeal the investigative findings to the Board, thereby barring her claims against Mr. Boutwell.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of mootness, waiver, laches, estoppel, ratification, accord and satisfaction, consent and/or acquiescence.

### NINETEENTH DEFENSE

Plaintiff misrepresents the true facts of this case in her Complaint.

### TWENTIETH DEFENSE

Mr. Boutwell pleads the general issue.

### TWENTY-FIRST DEFENSE

If Plaintiff proves that any decision complained of was motivated in whole or in part by unlawful intent, Mr. Boutwell will show that the same action would have been taken regardless of said alleged intent.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### TWENTY-THIRD DEFENSE

Mr. Boutwell did not discriminate against Plaintiff on the basis of her sex.

### TWENTY-FOURTH DEFENSE

Balancing the hardships would result in any equitable decree being in favor of Mr. Boutwell and against the Plaintiff.

### TWENTY-FIFTH DEFENSE

Plaintiff cannot and has not satisfied the minimum requirements for injunctive relief.

### TWENTY-SIXTH DEFENSE

Plaintiff cannot demonstrate and has not demonstrated a substantial likelihood of success on the merits of her claims.

### TWENTY-SEVENTH DEFENSE

Plaintiff has not suffered any irreparable injury.

### TWENTY-EIGHTH DEFENSE

As demonstrated by Plaintiff's Complaint, Plaintiff admittedly has adequate remedies at law.

### TWENTY-NINTH DEFENSE

Public policy dictates that Mr. Boutwell prevail on Plaintiff's claims.

### THIRTIETH DEFENSE

Plaintiff's commission of theft and/or misappropriation of public funds, and/or Plaintiff's incompetent job performance, and/or Plaintiff's refusal to cooperate with the Board's auditors, administrators, and/or employees, and/or Plaintiff's other unreasonable conduct, completely bar Plaintiff from recovering anything by this suit.

### THIRTY-FIRST DEFENSE

Mr. Boutwell did not violate any of Plaintiff's rights.

**THIRTY-SECOND DEFENSE**

Mr. Boutwell pleads all applicable damage caps.

**THIRTY-THIRD DEFENSE**

An award of punitive damages in this case would be in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Moreover, Mr. Boutwell submits that an award of punitive damages in this case would be unconstitutional, illegal and/or otherwise improper for reasons to include, without limitation, as follows:

(a) The judiciary's ability to correct the punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) Any award of punitive damages based upon the wealth of Mr. Boutwell violates due process guarantees;

(d) The jury's power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

(f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution in that the amount of punitive damages is based upon the wealth of the defendant;

(g) Mr. Boutwell contends that any award of punitive damages in this case would be unconstitutional and that the statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied. An award of punitive damages in this case would violate the due process clause of the United States Constitution;

(h) Mr. Boutwell's alleged conduct was not motivated by evil motive, malice, or intent, nor did it involve recklessness or callus indifference to Plaintiff's rights; therefore, punitive damages are not available against Mr. Boutwell;

(I) Punitive damages are disfavored by the law.

  (j) Mr. Boutwell acted in good faith with respect to all matters at issue, and, therefore, punitive damages cannot be imposed.

  (k) The imposition of punitive damages against Mr. Boutwell in this action would violate the due process clause of the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

  (l) The procedures and methods for awarding punitive damages in this action violate the due process clause of the United States Constitution and the due process provision of the Constitution of the State of Alabama.

  (m) Without the protections previously provided in §§ 6-11-23-(a) and 6-11-24, *Code of Alabama*, regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive or arbitrary punitive damage awards.  Unless Mr. Boutwell's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

  (n) Any claim for punitive damages against Defendant cannot be sustained because any award for such damages under Alabama law without bifurcating the trial of all such damages issues would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

  (o) Any claim of Plaintiff's for punitive damages cannot be sustained because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum on the amount of such damages that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

  (p) Any claim for punitive damages against Defendant cannot be sustained because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

  (q) Any claim for punitive damages against Defendant cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages or determining the amount of an award of such

damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (3) is permitted to award such damages under a standard for determining liability of such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment of that Constitution, as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process and guarantees against double jeopardy.

(®) Any claim for punitive damages against Defendant cannot be sustained because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Constitution of the State of Alabama.

(s) Any claims for punitive damages cannot be sustained because any award of such damages under the state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self incrimination would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixteenth Amendments as incorporated into the Fourteenth Amendment, and Alabama constitutional provisions providing for due process and the rights to protection against unreasonable searches and seizures, double jeopardy and compelled self incrimination.

(t) While Defendant denies Plaintiff is entitled to any recovery of punitive damages, and deny that Defendant has engaged in any conduct which would warrant an award of punitive damages, Defendant nevertheless claims for benefit of §6-11-21, Code of Alabama, such that any award is punitive damages shall be limited to three times each the Plaintiff's compensatory damages or $500,000.0 whichever is greater.

(u) Defendant avers any award of punitive damages must be supported by clear and convincing evidence "that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff. § 6-11-20(a), *Alabama Code 1975*.

(v) As a principal serving in the Dale County Board of Education's (the "Board") school system, Mr. Boutwell is not subject to punitive damages.

### THIRTY-FOURTH DEFENSE

To the extent that Plaintiff seeks recovery for alleged acts or omissions occurring more than 180 days prior to the filing of a charge with the EEOC, Plaintiff's claims are time-barred.

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims are barred to the extent that they were not subject of timely charges filed with the EEOC, or the subject of a lawsuit filed within ninety (90) days of the receipt of a right-to-sue letter.

**THIRTY-SIXTH DEFENSE**

Plaintiff's claims are barred to the extent they pertain to any conduct which was not specified in the charges of harassment received by the Board's Superintendent on January 23, 2007, which were not subject of the investigation lawfully and objectively performed.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that they pertain to any conduct which was not specified in the charges of harassment filed by Plaintiff with EEOC, or which were not the subject of investigation or conciliation by the EEOC.

**THIRTY-EIGHTH DEFENSE**

Plaintiff's alleged damages are not the direct or proximate result of any act or omission by Mr. Boutwell, but are the direct and/or proximate result of her own actions and/or an intervening and/or superceding cause.

**THIRTY-NINTH DEFENSE**

Plaintiff cannot recover anything through her claims against Mr. Boutwell because she has committed numerous torts which have caused damage and harm to Mr. Boutwell, including, without limitation, abuse of process, malicious prosecution, intentional infliction of emotional distress, and defamation.

### FORTIETH DEFENSE

Plaintiff suffered no cognizable adverse employment action due to any act or omission on the part of Mr. Boutwell.

### FORTY-FIRST DEFENSE

Plaintiff has not and cannot state or establish a viable claim for battery under Alabama law.

### FORTY-SECOND DEFENSE

The court is without jurisdiction over Plaintiff's state law claim.

### FORTY-THIRD DEFENSE

Plaintiff fails to satisfy the heightened pleading standard.

### FORTY-FOURTH DEFENSE

Mr. Boutwell has done nothing to violate or deprive any of Plaintiff's constitutional rights.

### FORTY-FIFTH DEFENSE

Plaintiff cannot establish any claim against Mr. Boutwell pursuant to 42 U.S.C. § 1983, or any other federal or state statute.

### FORTY-SIXTH DEFENSE

Mr. Boutwell specifically pleads the defense of qualified immunity as he was acting within his discretionary authority and function during all times relevant to this lawsuit, and Plaintiff fails to allege the violation of a clearly established statutory or constitutional right of which a reasonable person should have known.

### FORTY-SEVENTH DEFENSE

As the complaint in this matter is vague, Mr. Boutwell hereby reserves the right to amend his answers and defenses as this case develops.

Respectfully submitted,

/s/ Chad E. Stewart
CHAD E. STEWART (ASB 5004-T-74C)
**Counsel for Defendant Dale County Board of Education**

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)
ces@enterpriselawyers.com

## CERTIFICATE OF SERVICE

I, Chad E. Stewart, hereby certify that on this the 26th day of March, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Chad E. Stewart
OF COUNSEL