**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:  Meeks v. Dale County Board of Education

Case Number:    1:07-cv-01088-MHT

Referenced Pleading:  BRIEF/MEMORANDUM in Support  - Doc. 40

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MELISSA S. MEEKS (BAXLEY),** | * | |
| **Plaintiff,** | * | |
| v. | * | CASE NO: CV-07-1088-MHT |
| **DALE COUNTY BOARD OF EDUCATION,** | * | |
| | * | |
| **Defendant** | | |
| | * | |

## DEFENDANT DALE COUNTY BOARD OF EDUCATION'S
## BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Dale County Board of Education (the "Board"), pursuant to Rule 12(b)(6) Fed. R. Civ. P., respectfully moves to partially dismiss Plaintiffs' claims against it. In support of its motion (Doc. 34), the Board submits this brief unto the Court.

Plaintiff purports to assert a claim against the Board for ratification of gender-based disparate treatment in violation of the Equal Protection Clause, pursuant to 42 U.S.C. § 1983. (*See* Third Amended Complaint at ¶¶ 24-25). The Board submits that purported claim is not viable as a matter of law and is due to be dismissed with prejudice. In support thereof, the Board shows unto the Court as follows:

# **I.  INTRODUCTION**

In her Third Amended Complaint, Plaintiff purports to assert the following claim against the Board:

>24. 1983 CLAIM AGAINST LEAVY BOUTWELL, INDIVIDUALLY, FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.
>
>25. Plaintiff claims that Leavy Boutwell's slapping her on her buttocks while he administered her job duties violated her right for equal protection under the law in the terms and conditions of her employment because Leavy Boutwell did not slap the buttocks of her male counterparts while he was administering their job duties. This incident was brought before the Board and the board heard the statement of the eye witness and refused to ask Leavy Boutwell if it was true and they voted to ignore the incident, thereby ratifying the conduct.

(*See* Third Amended Complaint at ¶¶ 24-25).

The Board denies those allegations, but submits that even if true, Plaintiff cannot establish that the Board directly caused her alleged constitutional deprivation through an official policy or custom. To the contrary, Plaintiff contends that the alleged deprivation occurred first and was then "brought before the Board" for official action. (*See* Third Amended Complaint at ¶ 25). As such, Plaintiff's allegations fall well short of the requirement to demonstrate that the Board was the "moving force" behind her alleged constitutional deprivations. *Farred v. Hicks,* 915 F.2d 1530, 1532-33 (11th Cir. 1990). For that reason, among others set forth herein, Plaintiff fails to state a cause of action against the Board under 42 U.S.C. § 1983, and, therefore, her purported claim is due to be dismissed with prejudice.

## II. RULE 12(b)(6) MOTION TO DISMISS STANDARD

In *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1262-63 (11th Cir. 2004), the Eleventh Circuit set forth the applicable motion to dismiss standard as follows:

> We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003) (*per curiam*); *see also Jackson v. Birmingham Bd. of Educ.,* 309 F.3d 1333, 1335 (11th Cir. 2002) (citing *Stephens v. Dep't of Health & Human Servs.,* 901 F.2d 1571, 1573 (11th Cir. 1990)) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true."). A motion to dismiss is granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Jackson,* 309 F.3d at 1335 (quoting *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957))).
>
> Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 289 F.3d 1268, 1270 (11th Cir.), *rev'd on other grounds,* 314 F.3d 541 (11th Cir. 2002) (en banc). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted); *see also Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true. . . ."); *Robinson v. Jewish Ctr. Towers, Inc.,* 993 F. Supp. 1475, 1476 (M.D. Fla. 1998) ("[T]he court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); *Cummings v. Palm Beach County,* 642 F. Supp. 248, 249-50 (S.D. Fla. 1986) (finding vague and conclusory complaint failed to state a *factual* basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense). To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.

*Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1262-63 (11th Cir. 2004).

## III. ANALYSIS

3

A local governmental entity, such as the Board, cannot be held vicariously liable under §1983 for an employee's conduct. *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 691 (1978). For the Board to be held liable based on the alleged constitutional deprivation by its employee, Plaintiff must prove that an official policy or custom of the governmental entity was the "**moving force**" behind the deprivation. *Farred v. Hicks,* 915 F.2d 1530, 1532-33 (11th Cir. 1990) (emphasis added). Plaintiff "'must show that the local government's action was taken with the requisite degree of culpability and must demonstrate a **direct causal link** between the [government's official policy or custom] and the deprivation of federal rights.'" *Hardy v. Town of Hayneville,* 50 F. Supp. 2d 1176, 1187 (M.D. Ala. 1999) (emphasis added) (quoting *Board of County Commissioners v. Brown,* 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997)); *see also City of Canton v. Harris,* 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed.2d 412 (1989) (holding that a local governmental entity can be found liable under § 1983 only where the entity itself causes the constitutional violation at issue); *Powell v. Barrett*, 496 F.3d 1288, 1318 (11th Cir. 2007) (same) (reversed on other grounds).

Here, Plaintiff not only fails to plead the requisite causation, but her complaint effectively disproves the same. That is, Plaintiff alleges that the incident giving rise to her claim occurred first and was then "brought before the Board" for official action. (*See* Third Amended Complaint at ¶ 25). Thus, as a matter of law and logic, any official action of the Board taken in that regard could not have been the "moving force" or "direct causal link" to Plaintiff's alleged constitutional deprivation. *Farred,* 915 F.2d at 1532-33; *Hardy,* 50 F. Supp. 2d at 1187. Even assuming *arguendo* that the Board did vote to ignore the alleged incident, which is not the case, Plaintiff has not and cannot establish the requisite causation between such a vote and the alleged constitutional violation.

*See Powell v. Barrett*, 246 Fed. Appx. 615, 620, 2007 WL 2404478, *4 (11th Cir. Aug. 23, 2007) (en banc) (holding that even if government's action evidenced "deliberate indifference" to plaintiffs' constitutional rights, plaintiffs' "conclusory allegations" were not sufficient to survive a motion to dismiss because plaintiffs failed to allege the "requisite causation").

Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 37 – "Plaintiff's Opposition") does nothing to change the result. To the contrary, Plaintiff's Opposition correctly notes that to hold a local government liable for the alleged conduct of its employee, the government's official policy or custom must "**give[] rise**" to the alleged constitutional deprivation. (*See* Plaintiff's Opposition at pg. 2) (emphasis added). In this case, it cannot be seriously argued that the Board's alleged vote gave rise to Plaintiff's alleged constitutional deprivation, which, according to Plaintiff, occurred prior to the alleged vote. (*See* Third Amended Complaint at ¶ 25).

Furthermore, Plaintiff's Opposition attempts to confuse the issue by vaguely characterizing her claim as one for ratification of sexual harassment. (*See* Plaintiff's Opposition at pg. 3). That attempt, however, is futile because it contradicts the language in Plaintiff's complaint which can only be interpreted as a claim for ratification of gender-based disparate treatment. (*See* Third Amended Complaint at ¶¶ 24-25) (alleging that the Board ratified the Incident described by Plaintiff as follows: "Plaintiff claims that Leavy Boutwell's slapping her on her buttocks while he administered her job duties violated her right for equal protection under the law in the terms and conditions of her employment because Leavy Boutwell did not slap the buttocks of her male counterparts while he was administering their job duties."). Therefore, Plaintiff's equivocal remarks

5

to the contrary contained in her Opposition are improper and should be disregarded.[1]

Finally, the Board contends that the underlying § 1983 disparate treatment claim against Defendant Leavy Boutwell ("Mr. Boutwell") is due to be dismissed, as set forth in Mr. Boutwell's motion to dismiss filed contemporaneously herewith and incorporated herein by reference. Consequently, Plaintiff's contingent claim of ratification against the Board is also due to be dismissed with prejudice as a matter of law. *See Patterson v. Augat Wiring Systems, Inc.*, 944 F. Supp. 1509, 1521 (M.D. Ala. 1996).

Accordingly, based on the foregoing, Plaintiff's § 1983 ratification claim fails as a matter of law and is due to be dismissed with prejudice.

WHEREFORE, based on the foregoing, the Dale County Board of Education respectfully moves this Court to dismiss with prejudice Plaintiff's § 1983 ratification claim. The Board does not waive, but expressly reserves, its rights to seek dismissal of Plaintiff's entire complaint for other reasons as this litigation progresses.

Respectfully submitted,

/s/ Chad E. Stewart
CHAD E. STEWART (ASB 5004-T-74C)
**Counsel for Defendant Dale County Board of Education**

---

[1] Even if Plaintiff's claim could be construed as one for ratification of sexual harassment, which is not the case, it would still fail because the sole, isolated Incident underlying such claim does not, as a matter of law, support a sexual harassment claim in this Circuit. *See Dar Dar v. Associated Outdoor Club, Inc.*, 248 Fed. Appx. 82, 85, 2007 WL 2573996, * 2 (11th Cir., Sept. 7, 2007) (citing *Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 585 (11th Cir. 2000) and *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S. Ct. 2275, 2283, 141 L. Ed.2d 662 (1998)).

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)
ces@enterpriselawyers.com

## CERTIFICATE OF SERVICE

      I, Chad E. Stewart, hereby certify that on this the 26th day of March, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                        /s/ Chad E. Stewart
                                        OF COUNSEL