IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA S. MEEKS (BAXLEY), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) 1:07-CV-1088-MHT |
| | ) |
| DALE COUNTY BOARD OF | ) |
| EDUCATION; | ) |
| LEAVY BOUTWELL, INDIVIDUALLY | )TRAIL BY JURY DEMANDED |
| | ) |
| Defendant. | ) |

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The complaint against the individual defendant is as follows:

Plaintiff claims that Leavy Boutwell's slapping her on her buttocks while he administered her job duties violated her right for equal protection under the law in the terms and conditions of her employment because Leavy Boutwell did not slap the buttocks of her male counterparts while he was administering their job duties. This incident was brought before the Board and the board heard the statement of the eye witness and refused to ask Leavy Boutwell if it was true and they voted to ignore the incident, thereby ratifying the conduct.

Defendant says that the complaint if deficient because it does not have a date, time, place, context, adverse employment action, or similarly situated comparator. There is a heightened pleading standard: GJR Investments, Inc. V. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998): the Eleventh Circuit imposes a heightened pleading requirement on plaintiffs.

When the pleading states that the individual defendant slapped/brushed plaintiff on the buttocks, that is not a conclusary statement, but a fact. When the plaintiff states that there was an investigation by the Board of this incident, that is not a conclusary statement, but a fact. When the plaintiff states that an eyewitness gave a statement to the Board that she saw the incident, that is a fact, not a conclusion.

There is only one buttock brushing or slapping incident. That is the one described in the complaint. That is the one sued upon. The Board investigated the buttock incident and they put that investigation in writing. That is the buttock incident that the plaintiff complains of.

Plaintiff alleges that sex harassment and sex discrimination are clearly established. Cross v. Alabama, 49 F.3d 1490 (11th Cir. 1995): cause of action exists against supervisor in public employment under Section 1983 for sex harassment and discrimination for violation of the equal protection clause of the fourteenth amendment.

Case law: "Second supervisor's alleged conduct, including following employee with bullwhip, was sufficient to deprive the second supervisor of qualified immunity." Case of sex harassment filed against individual under Section 1983, violation of the 14th amendment equal amendment clause. 133 F.3d 797,

Braddy v. Florida Dept. of Labor and Employment Sec., (C.A.11 (Fla.) 1998).

In order for a government actor to violate a plaintiff's equal protection rights under the Fourteenth Amendment, the plaintiff must show that the defendant intended to discriminate, as in any other discrimination claim. In other words, the discrimination cannot be negligent. It has to be done "on purpose". But, it does not have to be the "sole" reason behind the adverse employment action. It simply has to be a motivating factor, or a causal link between the protected activity and the adverse employment action. Mencer v. Hammonds, 134 F.3d 1066 (11th Cir. 1998). Plaintiff has clearly plead that the actions of her individual defendant was intentional. Her claim says that he "slapped her on the buttocks."

In order to establish that Mr. Boutwell committed a constitutional violation, the plaintiff must show that Mr. Boutwell acted under color of state law and that his actions deprived the plaintiff of rights under the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981). As stated in the complaint, he slapped or brushed her buttocks while "he administered her job duties." Admittedly, this is somewhat conclusary, but, not so vague that it does not give the defendant an understanding that the unlawful buttock touching was not personal, but, was while working for the school board.

Plaintiff has made it clear, that he touched her buttocks without her

permission. The plaintiff further alleges in the complaint, that its anti-sex harassment policy forbade unwelcome sexual touching. Female buttock touching or slapping, or brushing, as the case may be, is an unwelcome sexual touching by any standard. It should be clear to any principal that the unlawful touching of the female buttocks–if intentional as a sexual gesture--is a violation of the sexual touching policy of the school. Any government employee would know that such an touching is unlawful and is sex discrimination toward females. Unlawfully touching the female buttocks is clearly a sexual touching, which the Board's own anti-sexual harassment policy speaks to.

Cross v. Alabama, 49 F.3d 1490 (11th Cir. 1995): cause of action exists in public employment under Section 1983 for sex harassment and sex discrimination is clearly established.

The individual defendant was a part of the Board's investigation. The Buttock slapping incident was also a part of the investigation. Plaintiff gave to the Board a list of sexual incidents, including, the buttock slapping incident (plaintiff's exhibit 1, para 16). This was also brought to the Board's attention by Kandice Seay on February 14, 2007, when she verified that she had seen the individual defendant, "Ms. Seay did state that on one occasion Mr. Boutwell slapped Ms. Meeks on the butt." (Plaintiff's exhibit 2)

The motion to dismiss is due to be overruled; however, plaintiff has filed a motion to amend the complaint to add in what the defendant has requested in their motion to dismiss.

/s/ Jeff Bennitt
_____
Jeffrey W. Bennitt ASB N51J
BENOO4

Jeff Bennitt & Associates, LLC,
121 Edenton St.
Birmingham, Al   35242   e-mail: Bennittlaw@aol.com
408-7240–office
408-9236–fax
213-8228–cell

CERTIFICATE OF SERVICE

I hereby certify that a copy of the to Chad E. Stewart by efiling on this date of the efile.

/s/ Jeff Bennitt
_____